**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000602**
**30-MAY-2013**
**09:12 AM**

CAAP-11-0000602

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
MARIA T. TIMMONS, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
'EWA DIVISION
(CASE NO. 1DTA-10-04522)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Ginoza, JJ.)


Defendant-Appellant Maria T. Timmons (Timmons) was charged with operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) 291E-61(a)(1) (Supp. 2012). Timmons appeals from the Judgment, which dismissed her case without prejudice, that was filed on August 2, 2011, in the District Court of the First Circuit (District Court).[1]

On appeal, Timmons contends that the District Court erred in dismissing her case without prejudice, instead of with prejudice, and in failing to make adequate findings to support its dismissal without prejudice.

Timmons moved to dismiss the case with prejudice, arguing among other things that the speedy-trial time limits set

---

[1] The Honorable Clyde E. Sumida presided.

forth in Hawai'i Rules of Penal Procedure (HRPP) Rule 48 (2000) had been violated. Although the District Court did not specifically rule on whether HRPP Rule 48 had been violated, its decision appears to have been based on concerns that HRPP Rule 48 may have been violated.[2/] In addition, both parties cite to HRPP Rule 48 in support of their analysis on appeal. Accordingly, we will treat and analyze the District Court's dismissal as one under HRPP Rule 48.

In State v. Hern, Nos. CAAP-11-0000644 and CAAP-12-0000528, 2013 WL 1233543 (Hawaii App. March 27, 2013), this court held that "in determining whether to dismiss a charge with or without prejudice under HRPP Rule 48(b), the trial court must not only consider the Estencion factors,[3/] but must also clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision." Hern, 2013 WL 1233543, at *5. In this case, the only explanation provided by the District Court for its decision to dismiss the case without prejudice was: "I think we're close -- close to that [HRPP Rule 48] edge, so we're going to dismiss this matter without prejudice[.]" The District Court's explanation did not clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision, and we conclude that the record is inadequate to permit meaningful review of the District Court's exercise of discretion in dismissing the case without prejudice. See Hern, 2013 WL 1233543, at *5-6.

Accordingly, we vacate the District Court's Judgment dismissing the case without prejudice, and we remand the case with instructions that the District Court (1) consider the

---

[2/] The District Court stated: "I think we're close -- close to that edge, so we're going to dismiss this matter without prejudice[.]"

[3/] The "Estencion factors" are: "'[(1)] the seriousness of the offense; [(2)] the facts and the circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [HRPP Rule 48] and on the administration of justice.'" State v. Hern, Nos. CAAP-11-0000644 and CAAP-12-0000528, 2013 WL 1233543, at *1 (Hawaii App. March 27, 2013) (brackets in original) (quoting State v. Estencion, 63 Haw. 264, 269, 625 P.2d 1040, 1044 (1981)).

Estencion factors in determining whether to dismiss Timmons's OVUII charge with or without prejudice and (2) make findings that clearly articulate the effect of the Estencion factors and any other factor it considered in rendering its decision.

DATED: Honolulu, Hawai'i, May 30, 2013.

On the briefs:

Richard L. Holcomb
(Holcomb Law, LLLC)
for Defendant-Appellant

Steven K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge

3